IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT BRYANT, PHILIP FITCH, PAUL SUCHY, JEFFREY FRANKLIN, RHONDA DUCUING, JENNIFER GREENLEE, SARVE LORESTANI, CHRISTOPHER PARTIDO, and DONALD BARNES, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>JOEL ANTUNES, LLC; JOEL ANTUNES; and RONUS PROPERTIES,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO.<br><br>1:04-CV-2550-CC |

## ORDER

This matter is before the Court on Defendants' Motion to Vacate Arbitrator's Class Certification Award [Doc. No. 28].

## I.   BACKGROUND

Defendant Joel Antunes, LLC employed Plaintiffs as servers at its restaurant located in Atlanta, Georgia. On August 31, 2004, Plaintiffs filed this putative class action against Joel Antunes, LLC, and its owners, Joel Antunes and Ronus Properties, alleging that they are entitled to unpaid wages under the Fair Labor Standards Act ("FLSA"). More specifically, Plaintiffs allege that Defendants unlawfully retained a portion of server tips, used the retained tips for improper purposes, and failed to pay Plaintiffs minimum wage. Pursuant to an Agreement to Arbitrate contained in the Employee Handbooks, on July 6, 2005, this Court ordered the parties to arbitrate their disputes through the American Arbitration Association ("AAA"). The Court thereafter rejected Defendants' challenge to the Arbitrator's decision to allow Plaintiffs to proceed as a class. (Doc. No. 27.)

On April 4, 2007, the Arbitrator concluded that the class in the arbitration should be established as an opt-out class, in accordance with Rules 4, 5, and 6 of the AAA's Supplementary Rules for Class Arbitrations.[1] (See Decision and Order on Motions to (1) Dismiss Ronus Properties and (2) Determine if Opt/In or Opt/Out Rules Apply [Doc. No. 28-3], p. 4.)  The Arbitrator later declined to reconsider this decision.  (Order Denying Respondents' Motion for Reconsideration [Doc. No. 28-4].)  On September 17, 2007, the Arbitrator issued a Partial Final Award of Class Certification, certifying a class of "[a]ll employees of Joel restaurant for whom [Defendants] have claimed a 'tip credit' and who thereby were paid less than the applicable federal minimum wage in the period from October 10, 2001, through February 4, 2004." (Partial Final Award of Class Certification [Doc. No. 28-5], p. 3.)  The Arbitrator determined that any member of the class could opt out of the proceeding by requesting exclusion from the arbitration.  (Id. at p. 13.)  On October 17, 2007, Defendants filed the instant motion to vacate the Arbitrator's Order allowing Plaintiffs to pursue their FLSA claims as an opt-out class as provided in the AAA Rules, rather than as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II.   STANDARD OF REVIEW

Pursuant to 9 U.S.C. § 10(a), this Court can vacate an arbitration award on the following grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[1] Rule 4 is analogous to Federal Rule of Civil Procedure 23.

>   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In addition to the four grounds set forth above, the Eleventh Circuit has recognized the existence of three non-statutory grounds that justify vacating an award: (1) the award was arbitrary and capricious; (2) enforcing the award contravenes public policy; and (3) the award was made in manifest disregard for the law. See Aldred v. Avis Rent-A-Car, 247 Fed. Appx. 167, 169 (11th Cir. 2007) (citing B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 910 (11th Cir. 2006)). Defendants contend that the Arbitrator's decision to allow an opt-out class was made in manifest disregard for the law. "An arbitrator manifestly disregards the law if he was conscious of the law and deliberately ignored it; merely misinterpreting, misstating, or misapplying the law does not suffice." Aldred, 247 Fed. Appx. at 169 (citation and internal marks omitted).

### III.   ANALYSIS

As previously noted, Defendants take the position that Plaintiffs should be required to pursue this action as an opt-in class action pursuant to the FLSA, 29 U.S.C. § 216(b). Section 216(b) provides, in pertinent part, the following: "No employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought."

Although the Arbitrator reviewed and considered this provision of the FLSA, he relied on AAA Supplementary Rules 4, 5, and 6 to conclude that the class should proceed as an opt-out class action. Pursuant to Supplementary Rule 4, an arbitrator must make many of the same determinations that are required by Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy of class representatives and counsel. See American Arbitration Association,

Supplementary Rules for Class Arbitrations, Rule 4, available at http://www.adr.org. The arbitrator must also find that common questions of law predominate and that a class proceeding is the superior method of adjudication. Id. Pursuant to Supplementary Rule 5, a class approved by an arbitrator proceeds as an opt-out class. See American Arbitration Association, Supplementary Rules for Class Arbitrations, Rule 5, available at http://www.adr.org.

This case, therefore, raises the question of whether FLSA class arbitrations may proceed pursuant to the opt-out rules provided for by the AAA. Having carefully reviewed the applicable law, the Court concludes that the Arbitrator's decision to allow the arbitration to proceed as an opt-out class action did not manifestly disregard the law. In making this determination, the Court has relied upon the reasoning set forth in Long John Silver's Restaurants, Inc. v. Cole, 514 F.3d 345 (4th Cir. Jan. 28, 2008).[2] In Long John Silver's, the Fourth Circuit found that "there is a debatable contention that the FLSA § 16(b) provision did not explicitly overrule the 'opt-out' feature of the arbitration agreement," and, accordingly, "the arbitrator did not ignore the FLSA or any other legal principles when he certified an 'opt-out' class." 514 F.3d at 352. The Court agrees with the Fourth Circuit's statement that the issue is debatable. Whether the Court would have made the same decision as the Arbitrator in this case is irrelevant, insofar as the Court is not conducting a de novo review. The Court may not alter the decision of the Arbitrator on the basis that he misinterpreted, misapplied, or misstated the law. In this case, there is simply no indication that the Arbitrator deliberately ignored the law, and accordingly the Court has no reason to disturb the award.

---

[2] Long John Silver's appears to be the only appellate decision that is directly on point. Although the Fourth Circuit had not yet decided Long John Silver's at the time the Arbitrator made his decision in this case, the district court decision (later affirmed by the Fourth Circuit) was referenced by the Arbitrator.

For the above-stated reasons, Defendants' Motion to Vacate Arbitrator's Class Certification Award [Doc. No. 28] is hereby **DENIED**.

SO ORDERED this 22nd day of July, 2008.

*s/   CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE